SERAPIO BONANO, ETC., Plaintiffs and Appellees, *v.* JAIME ESTARELLAS PAGANI and/or U.S. FIRE INSURANCE COMPANY, r/b TRIGO BROS. INC., Defendants and Appellants.

No. R-67-247.     Decided October 9, 1968.

*Martínez Muñoz, Agrait Oliveras & Otero* for plaintiffs. *Pedro V. Aguirre* for appellees.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

PER CURIAM: While plaintiff and his wife were traveling by kilometer No. 19 on Highway No. 3, their automobile was struck on the rear part by a car driven by codefendant Jaime Estarellas Pagani. As a result of the impact suffered by plaintiff's car, said car, in turn, collided with the car in front. Defendant admitted the negligence and there only remained to be decided the amount of the damages.

The parties stipulated that plaintiff's car suffered a total loss and that, after a small settlement of $100, plaintiff was entitled to receive $500 on that account. The fixing of the personal damages suffered by plaintiff and his wife remained in litigation. As to the latter the trial judge made the following findings of fact:

"Plaintiff Serapio Bonano suffered a lacerated contusion in the left occipital parietal region. He also suffered muscular spasms at the cervical level. He had to submit to physiotherapy for said spasms during three and a half months. Plaintiff Aminada Rodríguez Bonano suffered more severe muscular spasms. She also suffered vomiting, fainting spells, and slight dehydration. She was submitted to physiotherapy during three months and a half including traction on the neck.

"It was also stipulated by the parties that as a result of said injuries both plaintiffs suffered deep mental anguish.

"That according to the testimony of the expert witness, Dr. Guillermo Santiago, both plaintiffs, as a direct consequence of said injuries, suffer at the present time, a permanent disability which fluctuates between 5 and 10%."

After sustaining the complaint the trial court ordered defendant to pay $2,500 to plaintiff Serapio Bonano and $4,000 to his wife Aminada Rodríguez Bonano. It did not impose attorney's fees.

Defendant contends that (1) there are discrepancies between the evidence presented by plaintiff at the trial and some of his answers to an interrogatory and that (2) the damages granted are excessive.

546

■■ The first contention is valid, but it does not appear from the record that the interrogatory and the answers were offered and admitted in evidence, for which reason they could not be taken into consideration by the trial court or, now, by this Court. *Ramos* v. *Water Resources Authority*, 86 P.R.R. 572, 579 (1962); *Water Resources Authority* v. *District Court*, 66 P.R.R. 796, 801 (1947). As to the second assignment it narrows down, basically, to a question of the weighing of the evidence, and we do not believe that we should disturb the conclusions of the trial court on this point.

The judgment rendered in this case by the Superior Court, San Juan Part, on June 12, 1967, will be affirmed.